Mr. Charles R. Bennett Attorney for School Board St. Johns County 115 Cordova Street St. Augustine, Florida 32085-0189
Dear Mr. Bennett:
This is in response to your request for an opinion of substantially the following question:
 MAY THE SCHOOL BOARD OF ST. JOHNS COUNTY ADOPT A POLICY RULE FOR TERMINAL PAY FOR ACCUMULATED SICK LEAVE THAT WOULD HAVE RETROSPECTIVE APPLICATION?
Your question arises under the following factual situation. On July 1, 1982, the school board policy in effect governing terminal pay benefits for noninstructional staff included terminal pay up to 1/2 of all unused sick leave credit accumulated, not exceeding 60 days. This policy was adopted pursuant to the authority contained in s 231.40, F.S. (1980 Supp.) governing sick leave for school district personnel. Subparagraph 3. of that statute, in pertinent part, provided that `[a] school board may establish policies to provide terminal pay for accumulated sick leave to any employee of the district school board.' There followed a percentage rate table allowing terminal pay based on number of years of service not to exceed the daily rate of pay multiplied by 50 percent times the number of days of accumulated sick leave. In 1981, the Legislature amended s 231.40, F.S. (1980 Supp.) by, among other things, adding to the table of allowable percentages the following provision: `During and after the 13th year of service, the daily rate of pay multiplied by 100 percent of the number of days of accumulated sick leave.' Chapter 81-174, Laws of Florida, codified as s 231.40(2)(a)4.e., F.S., which took effect July 1, 1981. On October 13, 1982, pursuant to this amended grant of authority, School Board Policy 6 GX55-3.35 was revised and adopted to provide, in pertinent part, that retiring employees shall be entitled to terminal pay for unused sick leave `[d]uring and after the thirteenth year of service in St. Johns County at the time of termination, retirement or by death, [at the] daily rate of pay times 100% of unused sick leave.'
While the previous policy was in effect, but after the effective date of Chapter 81-174, supra, one of the school district's noninstructional employees retired on July 1, 1982, with more than 13 years of employment and 159 days of accumulated sick leave. Pursuant to the policy then in effect, based on s 231.40, F.S. (1980 Supp.), the employee was paid for one-half of the unused sick leave. The school board seeks to know if the policy adopted on October 13, 1982, may be so amended as to give it retrospective application in order to pay the retired employee 100 percent of the accumulated or unused sick leave at the July 1, 1982 retirement date.
The general rule of law applicable to retroactive administrative regulations is set forth at 2 Am.Jur.2d Administrative Laws s 308 (1962): `Unless a statute declares to the contrary, . . . the power to adopt administrative regulations has been held to include power to give them retroactive effect, provided of course they do not conflict with restrictions upon legislative power relaing to retroactive laws, such as, for instance, the disturbance of vested rights, the impairment of contracts, and principles relating to due process and ex post facto laws.' See also, 73 C.J.S. Administrative Bodies and Procedure ss 103, 107 (1951). In the present situation no restriction on the legislative power relating to retroactive laws is involved, no vested rights are disturbed, no contracts are impaired, nor are principles relating to due process or ex post facto laws involved. Further, s 231.40, F.S. (1980 Supp.) does not appear to prohibit the retroactive application of an administrative regulation or policy granting terminal pay for accumulated sick leave.
It is therefore my opinion that the school board may adopt a rule or amend the policy adopted on October 13, 1982 to make the provisions of its present policy relating to terminal pay have retrospective application to a certain date (on or after July 1, 1981) applicable to all employees within a certain classification who retired on or after that date. Such a policy is, however, a decision which must be made by the school board in the proper exercise of its discretion to adopt rules and regulations.
In conclusion, it is therefore my opinion that a school board pursuant to the authority contained in s 231.40(2)(a)4.e., F.S., may adopt a rule or amend its present policy adopted on October 13, 1982, to make terminal pay benefits for accumulated sick leave have retrospective application to all employees coming within the particular employment classification who retire after a certain date fixed by such rule no earlier than the effective date (July 1, 1981) of Chapter 81-174, Laws of Florida (s 231.40(2)(a)4.e., F.S.).
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General